UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TORRES, Petitioner, vs. K MENDOZA-POWERS, Warden, Respondent. | Civil No. 07CV01259-BEN (WMc) **ORDER ADOPTING REPORT AND RECOMMENDATION** |

**I.**

**INTRODUCTION**

Petitioner Daniel Torres, a state inmate proceeding *pro se*, challenges the California Department of Corrections ("CDCR") Administrative Appeals July 7, 2003 decision that found Petitioner guilty of possession of a controlled substance with a federal petition for writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Respondent submitted a Motion to Dismiss the Petition ("Motion"), asking this Court to dismiss the Petition as untimely under 28 U.S.C. 2244(d)(1). [Doc. No. 6]. Petitioner submitted an Opposition to Respondent's Motion to Dismiss ("Opposition"). [Doc. No. 9]. The Court's docket indicates that Respondent did not file a Reply brief.

On March 25, 2008, Magistrate Judge William McCurine issued a Report and Recommendation ("Report), recommending that Respondent's Motion to Dismiss be granted. For the reasons stated below, the Court adopts the well-reasoned Report and Recommendation of the Magistrate Judge and GRANTS Respondent's Motion to Dismiss.

## II.

## CHRONOLOGY

The following table (based on information set forth in detail in the Report) presents a summary of the dates relevant to the statute of limitations:

| Date | Event |
|---|---|
| July 7, 2003 | Petitioner found guilty of possession of a controlled substance by Calipatria State Prison CAL Facility D Unit. (Lodgment 2, Ex. A.) |
| October 29, 2004 | Petitioner's second level appeal is denied. (Lodgment 2, Ex. A.) |
| February 9, 2005 | Petitioner's third-level administrative appeal to Director of Inmate Appeals in Sacramento is rejected by the Inmate Appeals Branch as incomplete. (Lodgment 2, Ex. A.) |
| February 16, 2005 | Petitioner receives notice of rejection by the Inmate Appeals Branch. (Opp'n at 7.) |
| February 17, 2005 | Absent the finding of a state impediment or other applicable tolling, the AEDPA statute of limitations presumptively begins to run. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (2003). |
| March 10, 2005 | Lancaster Prison returns, unmailed, Petitioner's third-level administrative appeal to him for failure to meet legal mail criteria. (Appendices to Opposition and Habeas Corpus Petition, Appendix C.) |
| March 13, 2005 | Petitioner attempts to resubmit third-level administrative appeal to Director of Inmate Appeals in Sacramento. (Appendices to Opposition and Habeas Corpus Petition, Appendix C.) |
| March 20, 2005 | Petitioner's third-level administrative appeal is returned to him. (Appendices to Opposition and Habeas Corpus Petition, Appendix C.) |
| October 11, 2005 | Petitioner files a writ of habeas corpus in Imperial County Superior Court challenging his original July 7, 2003 guilty finding of possession of a controlled substance. (Lodgment 2.) |
| May 23, 2006 | Trial court denies Petitioner's habeas claim. (Lodgment 3.) |
| September 30, 2006 | Even with applicable statutory tolling, Petitioner's AEDPA one-year statute of limitations has run. |
| November 13, 2006 | Petitioner files a second writ of habeas corpus in Imperial County Superior Court challenging the evidence considered by the court in its first denial. (Lodgment 4.) |
| January 17, 2007 | Trial court denies Petitioner's second habeas claim and finds it to be successive. (Lodgment 5.) |
| February 16, 2007 | Petitioner files Petition for writ of habeas corpus with California Court of Appeal. (Lodgment 6.) |
| May 22, 2007 | California Court of Appeal denies Petition for writ of habeas corpus. (Lodgment 7.) |

| | |
|---|---|
| June 6, 2007 | Petitioner files Petition for writ of habeas corpus with California Supreme Court Lodgment 8.) |
| June 27, 2007 | California Supreme Court denies Petition for writ of habeas corpus. (Lodgment 9.) |
| July 11, 2007 | Petitioner files a Petition for Writ of Habeas Corpus in federal court. [Doc. No. 1.] |

## III.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 1987, a Los Angeles County Superior Court (Case No. A777193) committed Petitioner to a prison sentence of fifteen years to life for second degree murder (Cal. Penal Code § 187; Cal. Penal Code § 664). (Lodgment 1, Judgment.)

### A. Prison Administrative Appeal Process

While in custody on July 7, 2003 at Calipatria State Prison, Petitioner was found guilty of possession of a controlled substance. (Lodgment 2, Ex. A.) Petitioner claims he appealed the July 7, 2003 decision on or about August 28, 2003, but the Calipatria State Prison Appeals Coordinator notified Petitioner on January 9, 2004, that the office did not receive the appeal. (Opp'n at 7, Petitioner's Appendices at 16.) Petitioner resubmitted his initial appeal on or about January 22, 2004, which was received by the Calipatria State Prison Appeals Coordinator. (*Id.*; Petitioner's Appendices at 15.) On or about February 11, 2004, Petitioner's appeal was returned to him with instructions to supplement the appeal with additional documents. (*Id.*; Petitioner's Appendices at 14.) Petitioner submitted the appeal with the requested documents, which was received by the Calipatria State Prison Appeals Coordinator on or about April 23, 2004 and assigned for a second-level response on May 25, 2004. (*Id.*; Petitioner's Appendices at 17, 51.) Petitioner's appeal was denied at the second level on or about October 29, 2004. (*Id.*; Petitioner's Appendices at 4.) Petitioner contends he received the second-level denial on or about November 5, 2004. (Opp'n at 7, Petitioner's Appendices at 4.)

After receiving the second-level denial, Petitioner contends he submitted an appeal to Third Level/Director's Level review on November 18, 2004. (Opp'n at 7.) On February 16, 2005, Petitioner received a letter dated February 9, 2005 from the Inmate Appeals Branch rejecting his third-level administrative appeal as incomplete and instructing Petitioner to resubmit the appeal with the required

documents. (Lodgment 2, Ex. A; Opp'n at 7; Petitioner's Appendices at 3.) On March 6, 2005, Petitioner attempted to resend his third-level administrative appeal with the requested document, but it was returned to him, *unmailed*, on March 10, 2005 by the Lancaster Prison mail room for failure to qualify as legal mail. (Lodgment 2, Ex. A; Opp'n at 7-8; Petitioner's Appendices at pp.58-59.) Petitioner tried to resend his third-level appeal through the Lancaster Prison mail room on March 13, 2005, but it was again returned to him on or about March 20, 2005. (Opp'n at 8; Petitioner's Appendices at at 55-64.) Petitioner contends that from April to July of 2005, he wrote to an attorney for advice on how to proceed with the administrative remedies process and also asked family members to call the Inmate Appeals Branch in Sacramento for advice. (Opp'n at 8.) Neither of these approaches, however, were fruitful. *Id.* Petitioner states he abandoned his attempt to complete the third-level of review on July 30, 2005. *Id.*

**B. State Proceedings**

On October 11, 2005, Petitioner filed a writ of habeas corpus in Imperial County Superior Court, challenging the July 7, 2003 guilty finding of possession of a controlled substance. (Lodgment 2.) The trial court rejected Petitioner's claim on May 23, 2006, and issued an order denying habeas relief on the grounds the there was more than "some evidence" on the record supporting the decision of the CDCR. (Lodgment 3, Imperial County Superior Court Petition.)

Petitioner then filed a second habeas petition with the Imperial County Superior Court on November 13, 2006. (Lodgement 4.) On January 17, 2007, this second petition was denied by the court and found to be successive. (Lodgments 5.) Petitioner then filed a writ of habeas corpus petition in the California Court of Appeal, Fourth Appellate District, Division 5 on February 16, 2007, challenging the CDCR's July 7, 2003 guilty finding. (Lodgment 6, California Court of Appeal Petition.) The Court of Appeals denied the Petition on May 22, 2007, agreeing with the lower court's basis for denial and further ruling that Petitioner did not exhaust his administrative remedies and did "not substantiate his claim [that the prison] mailroom employees impeded his ability to seek third level review." (Lodgment 7, California Court of Appeal Order.)

On June 6, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 8, California Supreme Court Petition.) On June 27, 2007, the California Supreme

Court denied Petitioner's habeas petition without written analysis or citation to authority. (Lodgment 9, California Supreme Court Order.)

**C. Federal Proceedings**

On July 11, 2007, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of California (Case No. 07CV-1259). (Docket No. 1, Petitioner's Lodgment 1.) In his federal petition, Petitioner states his sole claim as follows: "Insufficient substantial evidence to support the finding of guilt in prison disciplinary hearing as even a second test (GS/MC Testing) could not reveal difference between methamphetamine or pseudoephed as demonstrated from established California court opinions violating federal due process of law." (Petition at 6.)

Respondent filed its Motion to Dismiss with supporting Memorandum of Points and Authorities on October 1, 2007. Respondent contends the Petition was filed after the one-year statute of limitations imposed by the AEDPA and, therefore, moves this Court to dismiss the Petition for untimeliness. On November 28, 2007, Petitioner filed his Opposition to Respondent's Motion. On March 25, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's Petition be dismissed as untimely. On April 28, 2008, Petitioner filed Objections to the Report. Respondent did not file a Reply to Petitioner's Objections.

**IV.**

**<u>DISCUSSION</u>**

**A. Statute of Limitations**

Statute of limitations issues must be resolved before the merits of individual claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year after the state proceedings become final, plus any time tolled while pursuing state collateral relief, in which to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Specifically, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the permanent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within the AEDPA's one-year statute of limitations. *Jimenez v. Rice*, 276 F.3d 478, 483 (9th Cir. 2001); *Nino v. Galaza*, 183 F.3d at 1006. In *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004), the Ninth Circuit held that "[section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' . . . even if the petition challenges a pertinent administrative decision rather than a state court judgment." *See also Redd v. McGrath*, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming without deciding that the AEDPA limitations period applied to a petition challenging an administrative parole decision). Accordingly, habeas petitions that challenge administrative decisions (such as the instant Petition, which challenges the finding of guilt in a prison disciplinary hearing) must be filed within the AEDPA's one-year limitations period.

In *Redd*, the Ninth Circuit instructed that AEDPA's section 22244(d)(1)(D) would apply to petitions challenging administrative decisions such as parole and disciplinary boards. *Redd*, 343 F.3d 1081-83. Accordingly, under subsection (D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). More specifically, the Ninth Circuit in *Shelby* and *Redd* held that, for prisoners challenging administrative decisions, the AEDPA's statute of limitations begins running under section 2244(d)(1)(D) on the day after the prisoner receives notice that his administrative appeal has been denied. *Shelby*, 391 F.3d at 1066; *Redd*, 343 F.3d at 1084.

Petitioner received notice on February 16, 2005, that his third-level appeal had been rejected as incomplete by the Inmate Appeals Branch on February 9, 2005. (Lodgment 2, Ex. A; Opp'n at 7; Petitioner's Appendices at 3.)[1] Following the Ninth Circuit's reasoning in *Redd* and *Shelby*, the presumptive date the statute of limitations began running under section 2244(d)(1)(D) is February 17, 2005, the day after Petitioner received notice that his appeal to the third level had been rejected. *See Shelby*, 391 F.3d at 1066 ("In *Redd*, the factual basis of the habeas petition was the parole board's denial of Redd's administrative appeal. Noting that Redd '[did] not dispute that he received notice of the Board's decision on December 7,' we held that the statute of limitations began running the next day. [A]s in *Redd*, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day.") (citations omitted).

In his Objections, Petitioner correctly notes that the Court must give due consideration to the arguments raised for the first time in objecting to the Report and Recommendation. *Brown v. Roe*, 279 F.3d 742, 744-45 (9th 2002). In his Objections and in his Declaration, which accompanies the Objections, Petitioner reiterates that the state impeded his ability to complete the administrative review process at the third level, and that the Magistrate Judge miscalculated when the statute of limitations began to run.

Although Petitioner alleges the running of the statute of limitations should be tolled, Petitioner's allegations about his difficulty mailing his appeal to the third level of review do not establish the "State action in violation of the Constitution or laws of the United States" that is necessary under the subsection governing state impediment. 28 U.S.C. § 2244(d)(1)(B). Specifically, an assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation. *See Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Ninth Circuit found in *Mann v. Adams*, that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure." 855 F.2d 639, 640 (9th Cir. 1998). Accordingly, Petitioner's claim that interference with the mailing of his third-level appeal "forestalled any conclusion

---

[1] Petitioner objects to the statement in the Report that his appeal was "rejected." Instead, he claims it was returned to him as "incomplete." Having reviewed the records in this case, the Court finds the statement in the Report to be accurate.

of administrative remedies" does not identify a qualifying constitutional impediment sufficient to invoke calculation of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B). (Opp'n at 14.)

In addition, Petitioner has failed to show that the alleged impediment – the return of his mail to him by the Lancaster Prison mail room for non-conforming legal mail – was a problem created by the mail room and not by Petitioner for failure to comply with prison mail requirements. Petitioner claims that his mail should not have been returned because the "California Code of Regulation, Title 15, § 3141, was written directly upon legal envelope." Nevertheless, Petitioner fails to explain why this notation should be deemed compliant with prison mail requirements. Petitioner further claims that wrongful conduct on behalf of the government and the circumstances beyond the Petitioner's control evidence the extraordinary circumstances for tolling the statute of limitations. However, he fails to allege any new facts relating to the return of his undelivered mail, and the Court agrees with the Report's conclusion that the circumstances of this case do not justify tolling the statute of limitations.

Furthermore, Petitioner has not alleged the required "causal connection" between the alleged state impediment and his failure to file a timely habeas petition. *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007). While Petitioner may have had difficulty sending his third-level appeal to Sacramento, he submits no evidence to suggest that he was prevented from mailing other legal documents, and in fact, he admits to being able to mail letters to an attorney as well as filings to the California state courts. (Opp'n at 8.) Accordingly, there is no evidence to suggest Petitioner's problems mailing his third-level appeal somehow contributed to a delay in his filing a timely habeas petition in the federal court. Because there is no qualifying state impediment at issue, the Court agrees with the Report's recommendation that the statute of limitations should be calculated as required by *Redd* under 28 U.S.C. § 2244(d)(1)(D). *See Redd*, 343 F.3d at 1081-83. Therefore, the statute of limitations began running on February17, 2005, the day after Petitioner received notice that his third-level appeal has been rejected by the Inmate Appeals Branch as incomplete.

Finally, Petitioner claims in his Objections that the statute of limitations should be tolled based on the "showing of actual innocence." A petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir.

2002) (citations omitted). Although Petitioner "need not show that he is 'actually innocent,' he must demonstrate that, in light of the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 776. In his Declaration, Petitioner claims that "one can not determine" why he tested positively for illegal substance twice, "whether it was the illegal substance or the legal substance that was prescribed to me." Aside from this vague statement, Petitioner offers no evidence of actual innocence. Accordingly, the Court finds that Petitioner has not met his burden of demonstrating that he is entitled to the tolling of the statute of limitations. *See id.*; *Carriger v. Stewart*, 132 F.3d 463, 476-77 (9th Cir. 1997) (noting that a petitioner must present some "affirmative proof of innocence").

**B. Statutory Tolling**

Respondent argues that, even if proper statutory tolling periods are accounted for, the statute of limitations period expired on September 22, 2006, 517 days before Petitioner filed the instant Petition. (Defs. Mtn. at 4:14-18; 5:6-20.) Specifically, Respondent notes the second petition filed in the Imperial County Superior Court on November 13, 2006 was deemed successive by the superior court and rejected. Therefore, Respondent asserts no tolling is allowed for the interval following the denial of Petitioner's first filing with the state court and the filing of the second successive petition in the state courts at the same level. (Defs. Mtn. 4:19-20, fn. 2.)

Petitioner contends the filing of his Federal habeas petition on July 11, 2007 was within the one-year statute of limitations. (Opp'n at 15.) Specifically, Petitioner disputes the Superior Court's finding that his second state habeas petition (filed at the same level in Imperial County) was successive and claims he should receive statutory tolling for the time during which his successive petition was pending. (Opp'n at 14.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the permanent judgment or claim, is pending shall not be counted toward" the one-year limitation period under the AEDPA. 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next

level of the state court system. *Carey*, 536 U.S. 214 (2002); *see also Nino v. Galaza*, 183 F.3d 1003, 10005-1006 (9th Cir. 1999) (explaining that the statute of limitations may be tolled during intervals between progressive filings of habeas petitions at ascending levels in the state court system); *Welch v. Newland*, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level".) Because *Carey* and *Nino* contemplated an orderly succession of state petitions in superior court, the court of appeal and the supreme court, the statute of limitations period is not tolled during the interval between successive habeas petitions filed at the same state court level. *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001); *Foley v. Cambra*, 2002 WL 31855342 *2 (N.D. Cal. Dec. 10 2002).

Here, the statute of limitations began running on February17, 2005, the day after Petitioner received notice that his third-level appeal was rejected by the Inmate Appeals Branch. On October 11, 2005, Petitioner filed his first state court petition in Imperial County challenging the 2003 disciplinary hearing. (Lodgment 2.) At that point, 236 days of the limitations period had expired. Nevertheless, the limitations period was tolled during the time in which Petitioner's first state court petition was pending, from October 11, 2005 to May 23, 2006, the day the Imperial County superior court denied the first state court petition. (Lodgment 3.) The limitations period began running again on May 24, 2006, because the interval between the denial of his first state court petition and the filing of his second successive state court petition on November 13, 2006 is *not* tolled under *Dils*, 260 F.3d at 986. Petitioner did not file his next proper state court petition in the California Court of Appeals until February 16, 2007 (Lodgment 6.) By the time of the appellate court filing, another 268 days had passed, and the AEDPA's one-year limitations period had already expired.[2] Absent equitable tolling, this petition is barred by the statute of limitation as untimely.

**C. Equitable Tolling**

The Ninth Circuit permits equitable tolling of the statute of limitations "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *See Spitsyn v.*

---

[2] Because 236 days of the limitations period was used between the period Petitioner received notice that his third-level appeal was rejected by the Inmate Appeals Branch and the day Petitioner filed his first state court petition in Imperial County, Petitioner only had 129 days remaining before expiration of the AEDPA one-year limitations period. Even accounting for proper statutory tolling, the limitations period would have expired on September 30, 2006.

*Moore*, 245 F.3d 796, 799 (9th Cir. 2003). The litigant seeking equitable tolling bears the burden to establish: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

As discussed above, Petitioner has failed to show that the return of his mail to him by the Lancaster Prison mail room for non-conforming legal mail was due to extraordinary circumstances created by the mail room and not by Petitioner's own failure to comply with prison mail requirements. In addition, Petitioner provides no evidence to show that his problems mailing his third-level appeal stood in the way of his filing a timely habeas petition with the federal court when he was clearly able to send other types of legal mail through the prison mail room including letters to potential legal counsel and state court filings. (Opp'n at 8.)

Moreover, the Court agrees with the Report's finding that Petitioner has not established, and the record does not support, an entitlement to equitable tolling during the time period between the denial of his first state court petition on May 23, 2006 and the filing of his second successive state court petition on November 13, 2006. (Lodgments 4 and 5.) Although Petitioner appears to argue that a second or successive petition tolls AEDPA, this is not the law. (Opp'n at 14.) As explained above, the statute of limitations period is not tolled during the interval between successive habeas petitions filed at the same state court level. *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). Petitioner's ignorance of the law is not generally considered an extraordinary circumstance that justifies equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Similarly, a pro se prisoner's inability to correctly calculate the limitations period is not an extraordinary circumstance warranting equitable tolling. *Id.* The Court, therefore, agrees with the conclusion in the Report that Petitioner has not met his burden of demonstrating that an extraordinary circumstance prevented him from filing a timely habeas petition in federal court. No equitable tolling is warranted.

Accordingly, the Court agrees with the Report's conclusion that the statute of limitations bars this Petition. Petitioner did not file his federal petition until July 11, 2007 – more than 9 months (284 days) after the statute of limitations expired on September 30, 2006. [Doc. No. 1.]

V.

**CONCLUSION**

Because equitable tolling is inapplicable, and statutory tolling fails to bring the petition within the applicable limitations period, the Court ADOPTS the Magistrate Judge's Report in its entirety and GRANTS Respondent's Motion to Dismiss the Petition.

**IT IS SO ORDERED**

DATED: May 28, 2008

Hon. Roger T. Benitez
United States District Judge